UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RAY W. METTETAL, JR., *Pro Se*,    )
                                    )
                                    )
   v.                               )   CIV. NO. 2:04-CV-410
                                    )
                                    )
U.S. DEPARTMENT OF JUSTICE,         )
FEDERAL BUREAU OF                   )
INVESTIGATION, and U.S. ARMY        )
MEDICAL RESEARCH OF                 )
INFECTIOUS DISEASE,                 )
                                    )

## MEMORANDUM OPINION

This *pro se* plaintiff's complaint is before the Court on the cross motions for summary judgment filed by the parties. [Docs. 25 and 34].

Plaintiff filed this action against the United States Department of Justice, the Federal Bureau of Investigation, and the United States Army Medical Research Institute of Infectious Diseases pursuant to the Freedom of Information Act (FOIA) 5 U.S.C. § 552, the Administrative Procedure Act (APA) 5 U.S.C. § 701 *et seq.* and the First and Fifth amendments to the United States Constitution. By order dated December 1, 2005, the United States Army Medical Research Institute of Infectious Diseases was dismissed from this action, leaving only the United States Department of Justice ("DOJ"), and the

Federal Bureau of Investigation ("FBI") as defendants.

Plaintiff alleges that he was tried on criminal charges in the U.S. District Court in Charlottesville, Virginia on October 22-26, 2001. Following the dismissal of the indictment against the plaintiff on December 10, 2002, the plaintiff began making inquiries pursuant to the FOIA apparently related to testing made on a sample related to the plaintiff's criminal prosecution which the FBI designated as Q350914207. Among these defendants, over the course of three years, the plaintiff sent five virtually identical FOIA requests. Only one of those requests, that sent to George Bolds at the Memphis FBI field office on June 20, 2003, is before the Court, as it is the most recent request, and the response to this request is the only one which the plaintiff both administratively appealed and from which he sought judicial review by filing suit following the denial of his administrative appeal.

In response to the June 20, 2003, FOIA request, the FBI released records responsive to the plaintiff's request, providing the plaintiff with 331 of 397 pages of material located in the FBI Memphis field office file 253B-ME-4890. The plaintiff was advised by letter that deletions were made from the materials to protect information exempt from disclosure, and that 66 pages were withheld in their entirety pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(E). By letter dated February 4, 2004, the plaintiff appealed the FBI's response to his request. In his appeal letter, the

2

plaintiff requests an explanation as to why his request had been denied in part and commented that "the documents that were withheld must be disclosed under the FOIA because all confidential informants in investigations were disclosed in public proceedings" and "exemptions used to withhold said documents were no longer valid."

By letter dated July 6, 2004, the office of Information and Privacy ("OIP") advised the plaintiff that it had decided to affirm the FBI's initial action, and that the plaintiff could seek judicial review in a United States District Court. The plaintiff did seek judicial review, filing the instant action on November 19, 2004.

Summary judgment is appropriate when "there is no genuine issue of material fact." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of proving that no material facts exist, and the court must draw all inferences in a light most favorable to the non-moving party. A court may grant summary judgment when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial. *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (citations omitted).

In accordance with long standing summary judgment principles, this Court must

construe the evidence in this record most favorably for the moving parties. *E.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *Scott v. Clay County*, 205 F.3d 867, 871 (6th Cir.2000). As explained by the Sixth Circuit in *Scott*,

> "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... <u>The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.</u>" *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). See also *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Adams v. Metiva*, 31 F.3d 375, 378-79 (6th Cir.1994). (emphasis added)

Id. at 871.

Denial of a FOIA request is reviewed by the District Court *de novo*. 5 U.S.C. § 552(a)(4)(B). Initially, the burden is upon the government to prove that the information was lawfully withheld under the FOIA. *Norwood v. Federal Aviation Admin.*, 993 F. 2d 570, 573 (6th Cir. 1993). An agency may justify its claims of exemption through detailed affidavits, which affidavits are entitled to a presumption of good faith. *Rugiero v. United States Department of Justice*, 257 F. 3d 534, 544 (6th Cir. 2001). Typically, the agency provides the Court with a "Vaughn index," a device through which the agency describes documents responsive to a FOIA request, and details the reasons for redacting documents or withholding documents in sufficient detail to permit

4

the Court to assess the merit of the plaintiff's claims. The Court need not review a potentially massive number of documents *in camera* in disposing of a case on summary judgment but may base its ruling on the detailed affidavits of the agency, unless the plaintiff has set forth sufficient evidence of bad faith on the part of the agency sufficient to overcome the presumption of good faith to which the affidavits are entitled. Absent any evidence of bad faith, the Court need only review the adequacy of the affidavits and other evidence. *Rugiero* at 544. "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position." *Ingle v. Department of Justice*, 698 F. 2d 259, 265 (6th Cir. 1983).

  The plaintiff in generalized terms claims that the government has perpetrated a fraud and thus its affidavit is not entitled to the presumption of good faith, claiming that certain documents withheld by the FBI would contain "perjury/lies." The plaintiff even challenges statements made in the documents which he received, insisting that they contain lies. Plaintiff has submitted no evidence that the agency has acted in bad faith in regards to this action, but essentially argues that there is evidence of bad faith in regard to underlying activities such that "the subject matter of the request involves activities which, if disclosed, would probably embarrass the agency or that a so-called 'cover up'

5

is presented." *Rugiero* at 546. With this in mind, the Court has reviewed the submitted affidavit and *Vaughn* index from the defendants and concludes that there has been nothing presented to justify a finding of bad faith based upon the underlying activities. Simply put, the documents presented by the defendant in support of his position do not evidence any bad faith on their face, and one must take the unfathomable leap of accepting the plaintiff's claims that the documents contained lies without any evidentiary basis in order to make a finding of bad faith. This Court cannot conclude that the plaintiff has presented substantial evidence that the government acted in bad faith through its disclosure of documents or in the underlying criminal action. Accordingly, the Court finds an *in camera* review of the documents in issue is not required but will rely upon the *Vaughn* Index and supporting affidavits in making its *de novo* review of the defendants' claims for exemption from disclosure under the FOIA.

The plaintiff also challenges the adequacy of the defendant's search for documents. Upon receiving a FOIA request, "an agency must made a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Rugiero* at 547. In meeting its burden to establish the adequacy of its seach, "the agency may rely on affidavits or declarations that provide reasonable detail of the scope of the search." *Id.* The FBI has provided a detailed affidavit from David Hardy, the section chief of the records/information dissemination

section , records management division, at the FBI Headquarters in Washington, D.C. In that affidavit, Mr. Hardy discusses in detail the manner of making a central record system search. Not surprisingly, the FBI has set up a system which provides the ability to search documents in its repository to assist it, not in responding to FOIA requests, but to aid it in its investigations, with the ability to do an effective FOIA search being a resulting benefit. The question of adequacy focuses on the search conducted by the agency, not on whether there might exist other documents responsive to the FOIA request. *Id.* Given the very detailed explanation provided by Mr. Hardy as to the method of the search, which method must necessarily be effective in order to aid the FBI in its investigatory processes, the Court can come to no other conclusion than that the search is adequate.

In general, the FOIA provides the public a right of access to federal agency records, except to the extent the records are exempt from disclosure under one of nine exemptions. 5 U.S.C. § 552(a) & (b). In support of its refusal to provide the defendant certain documents, and in redacting information from certain documents provided the plaintiff, the defendant relies on FOIA exemptions (b)(6), (b)(7)(C) and (b)(7)(D).

Section 552(b)(6) exempts "personnel and medical files and similar files from disclosure which would constitute a clearly unwarranted invasion of personal privacy." The exception applies to "records on an individual which can be identified as applying to that individual." *Heights Cmty. Cong. v. Veterans Admin.*, 732 F. 2d 526,

7

528 (6th Cir. 1984). "The central inquiry is whether the public access to the information is tantamount to an invasion of privacy; if so we ask whether such an invasion is justified by any countervailing public benefit from disclosure." *Id.* "A clear policy interest exists with respect to such information as names, addresses, and other identifying information **even where such information is already publicly available.**" *Rugiero* at 550. (emphasis added).

The Supreme Court has defined the relevant public policy interest in a (b)(6) exemption as "the extent to which disclosure would serve the core purpose of the FOIA, which is contribut[ing] significantly to the public understanding of the operations or activities of the government." *Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495, 114 S. Ct. 1006, 1012 (1994). The information in question is certainly information which can be identified as applying to a particular individual. Withheld from the documents provided the plaintiff are names of local law enforcement officers, non-FBI government personnel and third parties mentioned in connection with the investigation. Clearly a privacy interest exists in these documents, but there is no proof presented that the documents contain information which would contribute to the public's understanding of the government's operations or activities.

The government submits that the same documents exempt under exemption (b)(6) are also exempt under exemption 7(C). So, while the Court need not discuss

8

exemption 7(C), given its finding that the exemption (b)(6) is applicable, nevertheless, the Court will analyze the applicability of exemption (b)(7)(C). Exemption (b)(7)(C) permits the government to withhold records compiled for law enforcement purposes that "could reasonably be expected to constitute" an unwarranted invasion of privacy. The Sixth Circuit has adopted a *per se* rule under which any document compiled by a law enforcement agency falls within the first part of the Section 552(b)(7) exemption. *Rugiero* at 550. Under this *per se* rule, for a law enforcement agency to withhold information under Section 7, "one of the specific provisions of Section 552(b)(7) alone need apply." *Id.* at 550-51.

Clearly the documents requested by the plaintiff were compiled by a law enforcement agency, and thus the Court must review the second part of Section (7)(C), that is, whether the disclosure of the documents "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Section (7)(C) requires a balancing test similar to that conducted under Section 552(b)(6). *Id.* For the same reasons as set forth in regard to exemption (b)(6), the Court concludes that exemption (7)(C) equally applies to protect the identity of local law enforcement officers, non-FBI federal government personnel and third parties mentioned in the FBI records. Law enforcement officers working on criminal investigations and individuals providing information to law enforcement authorities have a privacy interest. There is generally no public interest in disclosures of such information because it sheds no light on the

9

performance of the agency's duties. *Neuhausser v. United States Department of Justice*, 2006 W.L. 1581010 (6th Cir. 2006) (citing to *Davis v. Dep't of Justice*, 968 F. 2d 1276 (D.C. Cir. 1992).

> Exemption (b)(7)(D) exempts from disclosure material that:
>
> Could reasonably be expected to disclose the identity of a confidential source including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting lawful national security intelligent investigation, information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). Exemption (7)(D) has been asserted by the defendants to protect information received by the FBI from local law enforcement agents. The purpose of this exemption is obvious, that is, facilitating the free flow of information between cooperating law enforcement agencies and the FBI. Exemption (7)(D) involves no balancing of interests, but rather, the sources confidential exemption applies regardless of the public interest in disclosure. *Neuhausser* at * 6 (citing to *Ferguson v. F.B.I.*, 957 F. 2d 1059 (2nd Cir. 1992). "A source is confidential within the meaning of the exemption 7(D) if the source 'provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.'" *United States Department of Justice v. Landano*, 508 U. S. 165, 113 S. Ct. 2014 (1993). The *Landano* Court determined that an inferred assurance of confidentiality could be found

10

where the circumstances of the underlying criminal investigation "provide a basis for inferring confidentiality." *Id.* at 181. Particularly relevant is the "nature of the crime and the source's relation to it." *Id.*

Mr. Hardy's affidavit details how certain information withheld under this exemption involved the identities and source of informants at a time when the plaintiff was under investigation for attempted murder. To the extent that these persons were not given express assurances of the confidentiality of their statements, it is obvious to the Court that there is an implied assurance to encourage persons to come forward and speak to law enforcement officers in such an investigation. Further, the defendants' withheld documents provided by local law enforcement agencies, which were provided solely under an express grant of confidentiality, and are thereby exempt.

Plaintiff also seeks relief under the Administrative Procedure Act (APA). However, in support of his claim under the APA, he has simply set forth the same facts as in his request for relief under the FOIA. "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). Review under the APA is only appropriate where there is no other adequate remedy. 5 U.S.C. § 704. Clearly, the FOIA provides an adequate remedy, and therefore, the plaintiff has failed to state a claim upon which relief may be granted under the APA.

Further, while the plaintiff alleges that his claim is likewise brought pursuant

11

to the First and Fifth amendments, he only mentions the First and Fifth amendments casually, and fails to allege any facts sufficient to even inform the Court of what his claims might be. His First and Fifth Amendment claims, therefore, are without merit.

In accordance with the foregoing authority, the plaintiff's motion for summary judgment [Doc. 25] will be **DENIED** and the motion for summary judgment filed by the defendants will be **GRANTED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE